UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| The State of LOUISIANA, By and through its Attorney General, Elizabeth B. Murrill; et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION; et al., <br><br> DEFENDANTS. | Civil Action No. 3:24-CV-00563-TAD-KDM <br><br> Chief Judge Terry A. Doughty <br> Magistrate Judge Kayla D. McClusky |

**MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED BRIEFING SCHEDULE AND EXPEDITED CONSIDERATION**

Pursuant to Local Rule 7.4 and this Court's inherent authority to manage its docket to ensure cases proceed expeditiously, when necessary, Plaintiffs respectfully request that the Court expedite the briefing schedule for Plaintiffs' Motion for a Postponement or Stay under 5 U.S.C. § 705 or a Preliminary Injunction (the "§ 705 Motion") and expedite its consideration of the § 705 Motion.

1. Two weeks ago, the U.S. Department of Education published new Title IX regulations that would transform the classrooms, lunchrooms, bathrooms, and locker rooms of American schools. *See Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33,474 (Apr. 29, 2024) (to be codified at 34 C.F.R. pt. 106) (the "Rule"). Although the Rule has an effective date of August 1, 2024, *id.*, its publication caused immediate harm, leading to an immediate response.

2. The day the Rule was published, Plaintiffs State of Louisiana, Louisiana Department of Education, State of Mississippi, State of Montana, and State of Idaho filed this action alleging that the Rule is unlawful because, among other reasons, it is contrary to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–88, exceeds Defendants' statutory authority, violates the

Spending Clause, is an unconstitutional exercise of legislative power, and is arbitrary and capricious. *See* ECF No. 1. Four days later, Plaintiffs filed an Amended Complaint, and 17 local school boards joined the suit. *See* ECF No. 11.

3. Yesterday—just 14 days after Defendants published the Rule—Plaintiffs filed the § 705 Motion, along with the Unopposed Motion for Expansion of Pages and a 30-page Memorandum in Support of the § 705 Motion. *See* ECF No. 17–18.[1] Plaintiffs detailed how the Rule guts Title IX, including by redefining "sex" to include discrimination based on "gender identity" and by redefining prohibited harassment to include protected speech. *See* ECF No. 18-1 at 12–18. For example, under the Rule, Title IX funding recipients must generally treat any person's unverifiable, self-professed gender identity as if it were his or her sex. *See id.* at 10. That means any biological male who claims a female gender identity will be able to access any girls-only bathroom or locker room in Plaintiffs' schools on August 1, 2024. *Id.* at 10, 26. It also means teachers and students must use whatever pronouns or "neopronouns" are demanded based on a student's self-professed "gender identity" and must force students to do so as well. *Id.* at 16–17. These aspects of the Rule, along with others, impose immediate, ongoing irreparable harm on Plaintiffs, including coercion, invasions of state sovereignty, and unrecoverable compliance costs. *See id.* at 25–28.

4. Although some unrecoverable compliance costs have already been incurred, the majority of initial costs to revise policies and train employees will be incurred in late June and July 2024. *See id.* at 26. Plaintiff School Boards must also begin the time-intensive and expensive process of securing funding, performing design work, and hiring construction crews to modify existing bathrooms and locker rooms and to build new ones. *See id.* at 18–19 & n.15. And if the Rule goes into

---

[1] Plaintiffs' counsel emailed Defendants' counsel the filings on May 13, 2024, at 5:02 p.m. (Central Time). On a meet-and-confer call, Defendants' counsel confirmed receipt of the filings by email. Plaintiffs have also served the filings by mail to Defendants.

effect on August 1, 2024, Plaintiffs will experience additional irreparable harm, "increased recordkeeping obligations, complaints, administrative investigations, and private litigation, not to mention decreased enrollment of students and loss of teachers." *See id.* at 27–28 & n.17. Indeed, Plaintiff School Boards are already dealing with teachers threatening to resign if the Rule goes into effect and families looking into withdrawing their children from the local school districts. *See id.*

5. Because the Rule is causing Plaintiffs to suffer irreparable harm right now and unrecoverable compliance costs are going to increase in late June and July 2024, Plaintiffs need preliminary relief now. There is thus good cause to order Defendants to respond to the § 705 Motion within 14 days (not counting Memorial Day) from the May 13, 2024 receipt of the § 705 Motion and related filings. *See* LR 7.4.

6. Plaintiffs respectfully request the Court expedite the briefing schedule for the § 705 Motion and expedite its consideration of the § 705 Motion. Specifically, Plaintiffs request the following briefing schedule:

| Event | Deadline |
|---|---|
| Defendants file their Opposition to the § 705 Motion | May 28, 2024 (Tuesday) |
| Plaintiffs' file their Reply in Support of the § 705 Motion | May 31, 2024 (Friday) |

7. Plaintiffs further request that the Court issue its decision on the § 705 Motion no later than June 21, 2024. A decision is needed by June 21, 2024, so Plaintiffs will have time to seek relief

3

from the Fifth Circuit (if necessary) no later than June 28, 2024, and to seek relief from the Supreme Court (if necessary) before the Rule goes into effect on August 1, 2024.

8. If the Court believes that a hearing would facilitate an expedited decision, then Plaintiffs also request a hearing to be scheduled on the § 705 Motion.

9. During our meet-and-confer call with Defendants' counsel, Defendants' counsel represented that Defendants oppose the schedule requested above and will be seeking an extension of time to respond to the § 705 Motion. Plaintiffs' requested schedule, however, is reasonable and fair.

10. As a preliminary matter, the requested schedule gives Defendants 15 days (due to Memorial Day) to respond to the § 705 Motion. This Court's "default rule" is to give parties 14 days to respond to a motion after it is filed, LR 7.4, which is also the standard time to respond to motions, including motions for preliminary relief, in many other district courts, *see, e.g.*, Local Uniform Civil Rules of the U.S. Dist. Courts for N.D. Miss. and S.D. Miss., Rule 7(b)(4); U.S. Dist. Court for E.D. Tex. Local Rules, Local Rule CV-7 (e); Local Court Rules of the U.S. Dist. Court for W.D. Tex., Local Rule 7(d)(2). As such, 15 days is a reasonable amount of time to respond, especially when Defendants are causing Plaintiffs ongoing, irreparable harm.

11. Furthermore, Plaintiffs have been forced to litigate this case under similar time constraints in an effort to mitigate their irreparable harm. Plaintiffs filed both an Amended Complaint and the § 705 Motion (along with the Unopposed Motion for Expansion of Pages and a 30-page Memorandum in Support of the § 705 Motion) within 14 days of the Rule's publication. *See* ECF Nos. 11, 17–18. Plaintiffs also are requesting only three days to file a reply to what may be a 30-page opposition. *See* ECF No. 18 at 3 (agreeing to Defendants' request for five additional pages to respond); ECF No. 18-43 (proposing that Defendants get five additional pages to respond to the § 705 Motion). The requested schedule accordingly does not seek an unfair advantage.

12. Indeed, Defendants have had ample time and opportunity to prepare for the inevitable legal challenge to the blatantly unlawful Rule. Commenters, including Plaintiff States, informed Defendants that the proposed rule was unlawful for the same reasons the Rule is unlawful. *See, e.g.*, ECF No. 11 at 22; ECF No. 18-28, 18-30. Yet Defendants finalized the Rule without making significant changes. It is therefore no surprise that Plaintiffs have filed suit. And Defendants have had more than enough time to prepare for this unsurprising litigation, because they repeatedly delayed issuance of the Rule. *See* ECF No. 18-27.

13. In any event, the need for expedited relief is a problem of the Defendants' own making. Not only did the Department proceed in issuing the unlawful Rule, but it also chose the August 1, 2024 effective date. *See* 89 Fed. Reg. at 33,549. The Department could have chosen a later effective date, but it did not. The Department also could choose to postpone the Rule's effective date itself, but it has not. *See* 5 U.S.C. § 705. If Defendants did not want some inconvenience, then they should not have issued a 423-page Rule that causes Plaintiffs to suffer immediate, irreparable harm—not to mention upends Title IX, fundamentally changes how schools must operate, impermissibly coerces Plaintiffs, and threatens state sovereignty—and should not have inconvenienced this Court.

14. The Court should therefore grant the Motion for Expedited Briefing and Expedited Consideration of Plaintiffs' Motion for a Postponement or Stay under 5 U.S.C. § 705 or Preliminary Injunction.

Dated: May 14, 2024

Respectfully submitted,

**ELIZABETH B. MURRILL**
**Attorney General of Louisiana**

Donald A. Daugherty, Jr.*
  *Senior Counsel, Litigation*
Paul Zimmerman*
  *Policy Counsel*
Martha A. Astor*
  *Associate Counsel*
DEFENSE OF FREEDOM INSTITUTE FOR
POLICY STUDIES
1455 Pennsylvania Avenue, NW, Suite 400
Washington, DC 20004
(414) 559-6902
Don.Daugherty@dfipolicy.org
Paul.Zimmerman@dfipolicy.org
Martha.Astor@dfipolicy.org

*Counsel for Plaintiff States*

*/s/ Tracy Short*
J. Benjamin Aguiñaga*
  *Solicitor General*
Tracy Short (La # 23940)
  *Assistant Chief Deputy Attorney General*
Autumn Hamit Patterson*
  *Special Assistant Solicitor General*
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, Louisiana 70802
(225) 326-6705
aguinagab@ag.louisiana.gov
shortt@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana, Plaintiff Louisiana Department of Education, and Plaintiff School Boards*

**LYNN FITCH**
**Attorney General of Mississippi**
Scott G. Stewart*
  *Solicitor General*
Justin L. Matheny*
  *Deputy Solicitor General*
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
P.O. Box 220
Jackson, Mississippi 39205
(601) 359-3680
scott.stewart@ago.ms.gov
justin.matheny@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

**AUSTIN KNUDSEN**
**Attorney General of Montana**
Christian B. Corrigan*
  *Solicitor General*
Peter Torstensen*
  *Deputy Solicitor General*
MONTANA DEPARTMENT OF JUSTICE
215 N. Sanders Street
Helena, Montana 59601
(406) 444-2707
Christian.Corrigan@mt.gov
Peter.Torstensen@mt.gov

*Counsel for Plaintiff State of Montana*

**RAÚL LABRADOR**
**Attorney General of Idaho**
Alan Hurst*
  *Solicitor General*
Josh Turner*
  *Chief of Constitutional Litigation and Policy*
OFFICE OF THE ATTORNEY GENERAL OF
IDAHO
700 W. Jefferson Street, Suite 201
P.O. Box 83720
Boise, Idaho 83720
(208) 334-2400
Alan.Hurst@ag.idaho.gov
Josh.Turner@ago.idaho.gov

*Counsel for Plaintiff State of Idaho*

*\*Admitted Pro Hac Vice or Pro Hac Vice admission application forthcoming*

7