IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STATE OF LOUISIANA et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION et al., <br><br> *Defendants*. | No. 24-cv-563 |
| RAPIDES PARISH SCHOOL BOARD, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION et al., <br><br> *Defendants*. | No. 24-cv-567 |

### DEFENDANTS' UNOPPOSED MOTION TO CONSOLIDATE

Just over two weeks ago, the Department of Education issued a rule titled Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024) [hereinafter Final Rule]. Among other things, the Rule amends the Department's Title IX regulations to provide greater protections for all students by clarifying (1) the scope and application of Title IX and (2) the obligations of schools to provide an educational environment free from discrimination on the basis of sex, including through responding to incidents of sex discrimination. One week after the Final Rule was issued, Louisiana and the Rapides Parish School Board—two state entities—filed separate suits in this

district challenging the Final Rule. Both suits are at the preliminary stage, contain substantially similar claims, and seek substantially similar relief against the same set of Defendants (the Department of Education, Department of Justice, and various officials thereof). Before these cases proceed any further, with Defendants unnecessarily drafting responses to and the Court unnecessarily reviewing two preliminary injunction motions, the Court should quickly streamline these cases by consolidating them pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure.[1]

## BACKGROUND

1. Plaintiffs State of Louisiana; Louisiana Department of Education; the State of Mississippi; State of Montana; and State of Idaho filed their lawsuit in the U.S. District Court Western District of Louisiana on April 29, 2024. *See* Compl., *Louisiana v. ED*, No. 1:24-cv-563-TAD (W.D. La.), ECF No. 1. The *Louisiana* Plaintiffs filed an Amended Complaint on May 3, 2024, to add a number of school boards as plaintiffs.[2] *See* ECF No. 11. The *Louisiana* Plaintiffs named as Defendants the Department of Education; Secretary Miguel Cardona; the Office for Civil Rights; Assistant Secretary for Civil Rights Catherine Lhamon; the Department of Justice; and

---

[1] Undersigned counsel for the Defendants conferred with counsel for the Plaintiffs in both actions. Both indicated that they do not oppose consolidation. Counsel for the *Louisiana* Plaintiffs asked that the following position be included in this motion: "Plaintiffs in *Louisiana v. U.S. Dep't of Educ.*, No. 3:24-cv-00563, do not oppose consolidation with *Rapides Parish Sch. Bd. v. U.S. Dep't of Educ.*, No. 1:24-cv-00567, to the extent consolidation will not delay the Court's decision on Plaintiffs' § 705 Motion." Counsel for Rapides Parish similarly stated, "Plaintiff does not oppose consolidating this case with the one filed by Louisiana so long as consolidation doesn't delay consideration of the motions for preliminary relief."

[2] Specifically, those school boards are Acadia Parish School Board; Allen Parish School Board; Bossier Parish School Board; Caddo Parish School Board; Caldwell Parish School Board; DeSoto Parish School Board; Franklin Parish School Board; Grant Parish School Board; Jefferson Davis Parish School Board; LaSalle Parish School Board; Natchitoches Parish School Board; Ouachita Parish School Board; Red River Parish School Board; Sabine Parish School Board; St. Tammany Parish School Board; Webster Parish School Board; West Carroll Parish School Board.

Attorney General Merrick Garland. *See id.* ¶¶ 33-38.

2. The following day, Plaintiff Rapides Parish School Board filed its lawsuit in the U.S. District Court Western District of Louisiana. *See* Compl., *Rapides Parish School Board v. ED*, No. 1:24-cv-567-TAD (W.D. La.), ECF No. 1. Just like in *Louisiana*, Rapides Parish School Board named as Defendants the Department of Education; Secretary Cardona, the Office for Civil Rights; Assistant Secretary Lhamon; the Department of Justice; Attorney General Garland; and—the only different defendant—Kristen Clarke, in her official capacity as Assistant Attorney General for the Civil Rights Division of the Department of Justice. *See id.* ¶¶ 32-45.

3. Both cases have been assigned to the Honorable Terry A. Doughty, United States District Judge.

4. Both actions challenge the Final Rule, which, among other things, amends the Title IX regulations to clarify (1) the procedures that schools must follow to adjudicate Title IX complaints and (2) the scope of Title IX's prohibition of discrimination on the basis of sex, including as it relates to sex stereotypes, sex characteristics, pregnancy or related conditions, sexual orientation, and gender identity. *Rapides Parish* also involves a challenge to two informational documents that express the Department of Education's general, nonbinding view that Title IX prohibits discrimination on the basis of sexual orientation and gender identity. *See* "Enforcement of Title IX of the Education Amendments of 1972 With Respect to Discrimination Based on Sexual Orientation and Gender Identity in Light of Bostock v. Clayton County." 86 Fed. Reg. 32,637 (June 22, 2021); U.S. Dep't of Justice & U.S. Dep't of Educ., Confronting Anti-LGBTQI+ Harassment in Schools: A Resource for Students and Families, https://perma.cc/KA47-U9LJ ("Fact Sheet").

The *Louisiana* case and the *Rapides Parish* case contain substantially similar allegations, substantially similar causes of action, and nearly identical defendants. Importantly, both complaints raise similar allegations with respect to the Final Rule. For example, both complaints allege that the Rule's scope-of-sex-discrimination provision is contrary to Title IX, *see Louisiana* Am. Compl. ¶¶ 156–165; *Rapides Parish* Compl. ¶¶ 205–216; both allege that the Rule violates the Spending Clause, *see Louisiana* Am. Compl. ¶¶ 166–170; *Rapides Parish* Compl. ¶¶ 248–259; and both allege that the Rule is arbitrary and capricious in violation of the Administrative Procedure Act. *See Louisiana* Am. Compl. ¶¶ 177–191; *Rapides Parish* Compl. ¶¶ 260–278. Furthermore, both complaints seek the same relief, namely that the Rule be set aside. *See Louisiana* Am. Compl. at 51–52; *Rapides Parish* Compl. at 50.

## LEGAL STANDARD

District courts may consolidate pending actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a)(2); *Miller v. USPS*, 729 F.2d 1033, 1036 (5th Cir. 1984) ("Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion."). The parties to a consolidated suit retain all of the rights that they would have had if the actions had proceeded separately because "the two suits retain their separate identities" and require "the entry of a separate judgment." *Miller*, 729 F.2d at 1036.

In determining whether to consolidate actions, "[t]he primary factor is the existence of common questions of law or fact," but the court may look to other factors, including the following:

> whether the actions are pending before the same court; whether the actions involve a common party; whether any risk of prejudice or confusion will result from consolidation; whether there is any risk of inconsistent adjudications of common factual or legal questions; whether consolidation will reduce the time and cost of trying the cases separately; and whether the cases are at the same stage of preparation for trial.

*Missouri v. Biden*, No. 3:22-CV-01213, 2023 WL 4721172, at *1 (W.D. La. July 24, 2023). Courts have broad discretion in deciding whether to consolidate actions. *See Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985).

## ARGUMENT

Each of the above criteria weighs in favor of consolidating the *Louisiana* and *Rapides Parish* cases.

*First*, and most importantly, both actions involve common questions of law.[3] As referenced above, the complaints have substantially overlapping claims and requests for relief. They both seek to set aside the Final Rule because, in the plaintiffs' view, the Rule is contrary to Title IX; violates the Spending Clause, and is arbitrary and capricious, to name just a few claims. *See generally Louisiana* Am. Compl. ¶¶ 156–195; *Rapides Parish* Compl. ¶¶ 205–308. Resolving the two cases will require the Court to adjudicate the same issues.

*Second*, both actions are pending in the U.S. District Court for the Western District of Louisiana before Chief Judge Terry A. Doughty.

*Third*, the two actions name nearly identical defendants. The only difference is that *Rapides Parish* names in addition Assistant Attorney General Clarke. *See Rapides Parish* Compl. ¶¶ 32-45. That is a distinction without a difference, however. Because Assistant Attorney General Clarke was named in her official capacity, there are no separate claims or relief that would uniquely inure to her as opposed to the Department of Justice, which is a common defendant in both cases. *See Grose v. Napolitano*, 583 F. App'x 334, 335 (5th Cir. 2014) ("Because a lawsuit against a federal

---

[3] Because both Plaintiffs brought Administrative Procedure Act challenges against the Final Rule, the Court's review is limited to the administrative record associated with the Final Rule. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). There are accordingly no factual questions on the merits, common or otherwise.

official in her official capacity is essentially a lawsuit against the entity she represents, for the purposes of this appeal we treat as one entity DHS, FEMA, and the individual defendants in their official capacities.").

*Fourth*, neither the *Louisiana* Plaintiffs nor the *Rapides Parish* Plaintiff would incur prejudice or confusion from consolidation. To the contrary, consolidation would eliminate duplicative briefing, arguing, and judicial review of the same or substantially similar claims, leading to more efficient litigation. *See Miller*, 729 F.2d at 1036 ("Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion."). And the plaintiffs would not lose any rights as a result of consolidation. *See Shafer*, 376 F.3d at 395 (consolidation does not deprive a party of any substantial rights that they may have had if the actions had proceeded separately). Furthermore, consolidation would eliminate any risk of inconsistent results for all the plaintiffs and defendants. *Miller*, 729 F.2d at 1037.

*Fifth*, consolidation would conserve the parties' resources and promote judicial economy. Once again, both complaints raise substantially similar arguments and seek substantially similar relief against the same regulation. *See Miller*, 729 F.2d at 1036; *see also Webb v. Equifax and Chase Bank*, No. 14-CV-00345, 2014 WL 12594192, at *2 (W.D. Tex. Sept. 19, 2014) (consolidating actions because plaintiffs sued each of the defendants pursuant to the same laws and based on the same facts and because defendants would likely assert similar defenses). There is no reason for the parties to prepare and the Court to review two sets of briefing on the motions for a preliminary injunction; motions for summary judgment; and any other motion that is filed in these cases.

*Finally*, both actions are at the same preliminary stage of litigation. The Final Rule was issued just two weeks ago, and the cases were filed one week ago within one day of each other.

The *Louisiana* Plaintiffs just filed a Motion for Preliminary Injunction on May 13, 2023, and Rapides Parish has indicated that it will file a Motion for Preliminary injunction later this week. Under these circumstances, consolidation is warranted. *See Missouri*, 2023 WL 4721172, at *2.

## CONCLUSION

For the forgoing reasons, the Court should grant the Defendants' motion to consolidate these actions pursuant to Rule 42(a)(2).

Dated: May 14, 2024                                  Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EMILY B. NESTLER
Deputy Branch Director

BENJAMIN T. TAKEMOTO
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8470
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF CONFERENCE**

Pursuant to Rule 7.4.1 of the Local Civil Rules, I certify that I conferred with counsel for Plaintiffs in this matter to try to resolve the relevant issues. Counsel stated, "Plaintiffs in *Louisiana v. U.S. Dep't of Educ.*, No. 3:24-cv-00563, do not oppose consolidation with *Rapides Parish Sch. Bd. v. U.S. Dep't of Educ.*, No. 1:24-cv-00567, to the extent consolidation will not delay the Court's decision on Plaintiffs' § 705 Motion."