Exhibit 4

 **U.S. Equal Employment Opportunity Commission**

# Sexual Orientation and Gender Identity (SOGI) Discrimination

In *Bostock v. Clayton County, Georgia,* No. 17-1618 (S. Ct. June 15, 2020),**[1]** the Supreme Court held that firing individuals because of their sexual orientation or transgender status violates Title VII's prohibition on discrimination because of sex.  The Court reached its holding by focusing on the plain text of Title VII.  As the Court explained, "discrimination based on homosexuality or transgender status necessarily entails discrimination based on sex; the first cannot happen without the second."  For example, if an employer fires an employee because she is a woman who is married to a woman, but would not do the same to a man married to a woman, the employer is taking an action because of the employee's sex because the action would not have taken place but for the employee being a woman.  Similarly, if an employer fires an employee because that person was identified as male at birth but uses feminine pronouns and identifies as a female, the employer is taking action against the individual because of sex since the action would not have been taken but for the fact the employee was originally identified as male.

The Court also noted that its decision did not address various religious liberty issues, such as the First Amendment, Religious Freedom Restoration Act, and exemptions Title VII provides for religious employers.

# SOGI Discrimination & Work Situations

The law forbids sexual orientation and gender identity discrimination when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, and any other term or condition of employment.

# SOGI Discrimination & Harassment

It is unlawful to subject an employee to workplace harassment that creates a hostile work environment based on sexual orientation or gender identity. Harassment can include, for example, offensive or derogatory remarks about sexual orientation (e.g., being gay or straight). Harassment can also include, for example, offensive or derogatory remarks about a person's transgender status or gender transition.

Although accidental misuse of a transgender employee's name and pronouns does not violate Title VII, intentionally and repeatedly using the wrong name and pronouns to refer to a transgender employee could contribute to an unlawful hostile work environment.

While the law doesn't prohibit simple teasing, offhand comments, or isolated incidents that aren't very serious, harassment is unlawful when it is so frequent or severe that it creates a hostile work environment or when it results in an adverse employment decision (such as the victim being fired or demoted).

The harasser can be the victim's supervisor, a supervisor in another area, a co-worker, or someone who is not an employee of the employer, such as a client or customer.

# SOGI Discrimination & Employment Policies/Practices

As a general matter, an employer covered by Title VII is not allowed to fire, refuse to hire, or take assignments away from someone (or discriminate in any other way)