# Exhibit 33

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| The State of LOUISIANA, By and through its Attorney General, Elizabeth B. Murrill; et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION; et al., <br><br> DEFENDANTS. | Civil Action No. 3:24-cv-00563 <br><br> Chief Judge Terry A Doughty <br> Magistrate Judge Kayla D. McClusky |

### DECLARATION OF MATT FREEMAN

Under 28 U.S.C. § 1746, I, Matt Freeman, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

#### BACKGROUND

1. I am the Executive Director for the Idaho State Board of Education (ISBOE). Under Article IX, Section 2 of the Idaho Constitution, the ISBOE is charged with the "general supervision of the state educational institutions and public school system of the state of Idaho." Under Idaho Code § 33-101, this includes the general supervision, governance and control of all state educational institutions, to wit: University of Idaho, Idaho State University, Boise State University, Lewis-Clark State College … and for the general supervision, governance and control of the public school systems, including public community colleges.

2. I am the Executive Director of the ISBOE and am charged with, among other things, ensuring the effective articulation and coordination of institution and agency concerns, and serve as

an advisor to the ISBOE and the heads of the institutions on all appropriate matters. In my role as the Executive Director for the ISBOE, I am familiar with ISBOE's governing policy on Title IX.

3. The ISBOE, among other things, prescribes governing policies for the state institutions of higher education in Idaho. To this end, the ISBOE has implemented a policy directing the public institutions of higher education to comply with the Title IX regulations, and requiring the public institutions of higher education to draft, implement and publish policies complying with Title IX and the Title IX Regulations. This policy may be found here: https://boardofed.idaho.gov/wp-content/uploads/2016/12/IT-Title-IX-1220-1.pdf. Although the ISBOE is responsible for ensuring that its governing policies are followed, it does not participate in the details of internal management of its institutions and agencies. That responsibility is delegated to the respective institution presidents.

4. Each of Idaho's public institutions of higher education receive federal funds, including federal grants and student financial aid. As an example, just one of Idaho's public institutions of higher education, the University of Idaho, in FY22 had over $56 million in federal research expenditures.

5. The State of Idaho's public institutions of higher education would be harmed if they were no longer able to access federal funds or if any of their grants or their ability to access and administer student financial aid were terminated.

**The Rule's Impact**

6. Recently, the U.S. Department of Education published a final rule titled "Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance," 89 Fed. Reg. 33,474 (Apr. 29, 2024) (the "Rule"). The Rule has an effective date of August 1, 2024, *see id.* at 33,549.

7. The Rule directly conflicts with Idaho statutes that are applicable to its public institutions of higher education, including Idaho Code § 67-5909B, which becomes effective July 1,

2

2024 and which states that a government employee shall not be subjected to adverse employment action for declining to address a person using a name other than the person's legal name or a derivative thereof, or by a preferred personal title or pronoun that is inconsistent with the person's sex; and Idaho's Fairness in Women's Sports Act, Chapter 62, Title 33, Idaho Code (which is currently the subject of federal litigation). Institutions of higher education in Idaho will be placed in an untenable position—violate Idaho law by complying with the Rule or else risk losing its federal funding that is critical to the State's education system and to the education the students of Idaho institutions of higher education. ISBOE Policy I.A.4. provides that "[a]ll Board Governing Policies and Procedures and the internal policies and procedures of its institutions and agencies will comply with and be in conformance to applicable law" (https://boardofed.idaho.gov/board-policies-rules/board-policies/general-governing-policies-procedures-section-i/a-policy-making-authority/).

8. The Rule likely has already caused employees in Idaho's institutions of higher education to expend time and resources to begin reviewing the Rule, attend trainings on how to comply with the Rule, and begin to formulate a compliance plan.

9. If the Rule's effective date is not postponed and the Rule is not stayed, the ISBOE and Idaho's institutions of higher education will need to incur more costs to further understand the Rule. This more extensive review will need to be completed soon, so the ISBOE and Idaho's public institutions of higher education have time to update their policies, publish their new policies, and train their employees before the August 1, 2024 effective date.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 10th day of May, 2024 in Boise, Idaho.

_____
Matt Freeman

3