# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| STATE OF LOUISIANA, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, et al.,<br><br>*Defendants*. | Case No. 3:24−CV−00563−TAD−KDM (LEAD)<br><br>Case No. 1:24−CV−00567−TAD−JPM (MEMBER)<br><br><br>Chief Judge Terry A. Doughty<br>Magistrate Judge Kayla D. McClusky |

## MOTION OF NEW JERSEY, CALIFORNIA, PENNSYLVANIA, COLORADO, DELAWARE, DISTRICT OF COLUMBIA, HAWAII, ILLINOIS, MASSACHUSETTS, MICHIGAN, MINNESOTA, NEW YORK, OREGON, RHODE ISLAND, VERMONT, AND WASHINGTON FOR LEAVE TO APPEAR AND FILE A BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A § 705 STAY AND PRELIMINARY INJUNCTION

The Proposed Amici States—New Jersey, California, Pennsylvania, Colorado, Delaware, District of Columbia, Hawaii, Illinois, Massachusetts, Michigan, Minnesota, New York, Oregon, Rhode Island, Vermont, and Washington ("States")—respectfully move for leave to file a brief as amici curiae in support of Defendants' opposition to Plaintiffs' motion for a § 705 stay and preliminary injunction.[1] A copy of the proposed brief is attached hereto as Exhibit 1.

District courts have broad discretion to permit appearance as an amicus curiae. *See Pegasus Equine Guardian Ass'n v. U.S. Army*, 2019 WL 362598, at *1 (W.D. La. Jan. 28, 2019); *AWT Be Good LLC v. Chesapeake Louisiana, LP*, 2019 WL 2385199, at *1 (W.D. La. June 4, 2019). When

---

[1] On June 11, 2024, the States sought consent from the parties to the relief sought herein. Defendants have advised that they consent to the relief sought. Plaintiff Rapides Parish School Board has advised that they do not oppose this motion. The States have not yet received responses from the other parties to this action.

1

considering a motion for leave to appear as amici, courts consider "whether the proposed *amicus* has a unique interest in the case, and whether the proposed amicus brief is timely and useful or otherwise necessary to the administration of justice." *Boudreaux v. Sch. Bd. of St. Mary Parish*, 2023 WL 4771231, at *3 (W.D. La. Jul 24, 2023) (internal quotations omitted).

Federal appellate courts expressly recognize the inherent value of sovereign states' contributions to the determination of legal issues through amicus briefs, allowing states to file them as of right. *See* Fed. R. App. P. 29(a)(2) ("[A] state may file an amicus brief without the consent of the parties or leave of court."). While this Court does not have a similar rule, *Boudreaux*, 2023 WL 4771231 at *3, given the procedural posture, the States seek the Court's leave to file the attached amicus brief under general principles regarding amicus briefs.

The Court should grant this motion for the following reasons:

1. The Amici States, which all accept federal funding subject to Title IX,[2] are home to millions of students attending tens of thousands of public elementary and secondary schools. As of fall 2022, the States were collectively responsible for the education of 19,782,273 students[3] attending 40,236 public primary and secondary schools,[4] representing 39.9% of all students at public primary and secondary schools and 40.5% of the schools they attend nationwide.

---

[2] Nat'l Ctr. for Educ. Stats., *Digest of Education Statistics* tbl. 235.20 (2023), https://nces.ed.gov/programs/digest/d23/tables/dt23_235.20.asp.

[3] *See* Nat'l Ctr. for Educ. Stats., *Digest of Education Statistics* tbl. 203.40 (2023), https://nces.ed.gov/programs/digest/d23/tables/dt23_203.40.asp.

[4] *See* Nat'l Ctr. for Educ. Stats., *Digest of Education Statistics* tbl. 216.70 (2023), https://nces.ed.gov/programs/digest/d23/tables/dt23_216.70.asp.

2.      Additionally, 5,335,496 students attended the States' public degree-granting postsecondary institutions as of fall 2022.[5]

3.      The Amici States also have numerous private and charter schools, vocational and technical training programs, and private postsecondary institutions which may accept federal educational funding.

4.      Plaintiffs in this case seek to enjoin enforcement of the U.S. Department of Education's ("ED") new rule, *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33,474 (Apr. 29, 2024) ("Final Rule") nationwide, which would impact the Amici States' interests in ensuring that their educational programs operate free of sex discrimination and sexual harassment and protecting students from harm.

5.      The Amici States offer an important and unique perspective in this case as sovereign states charged with ensuring that our schools operate in a manner that is free from sex discrimination and harassment, including on the basis of gender identity.

6.      The Amici States' experience confirms that sex discrimination and harassment based on gender identity, sex characteristics, and sex stereotypes imposed on transgender individuals, causes direct economic, physical, and emotional harms to students. To prevent these tangible injuries, the Amici States have adopted laws and policies that combat sex discrimination against transgender students on the basis that they appear, act, and identify as a sex different from their sex assigned at birth, and ensure that students in our jurisdictions have the ability to learn in safe and supportive environments. The Final Rule furthers these efforts by clarifying protections for transgender students and rectifying the harm caused to our schools and communities through ED's prior rule, promulgated

---

[5] *See* Nat'l Ctr. for Educ. Stats., *Digest of Education Statistics* tbl. 304.15 (2023), https://nces.ed.gov/programs/digest/d23/tables/dt23_304.15.asp.

in 2020, which undermined Title IX's nondiscrimination mandate by arbitrarily narrowing the scope of Title IX's sexual harassment protections.

7. The Amici States' proposed amicus brief is relevant to the disposition of the case, and will assist the Court in understanding the impact of enjoining the Final Rule on the public interest. Importantly, the Amici States' experiences discussed in the proposed amicus brief demonstrate that preventing sex-based discrimination, protecting against sexual harassment, and ensuring equal access to educational opportunities for all students confer wide educational and societal benefits without imposing substantial costs on schools or compromising student privacy or safety.

8. Among other relevant and important information, the Amici States' experiences with implementing bathroom and locker room facility policies that allow students to use a bathroom consistent with their gender identity and the ways in which implementation of such policies can safeguard against serious harm for transgender students while also protecting privacy and safety for all students, underscoring that the Final Rule will further our goal of creating school environments that are safe and supportive for all students. The proposed brief also highlights Amici States' experiences with protecting students from both severe *and* pervasive sexual harassment on school campuses and how such protection is important to create a safe and supportive school environment that allows students to grow and thrive academically. On the other hand, a return to ED's prior regulatory efforts to narrow Title IX would impose significant costs on local and state governments when students experience increased or uncorrected incidents of sex-based discrimination and sexual harassment, including financial, health, and societal costs, increased absenteeism, lost revenue from dropouts, and unemployment and health service costs.

Overall, the proposed amicus brief demonstrates that Plaintiffs' narrow interpretation of Title IX is not supported by law or ED's prior longstanding policy and practice, and that the balance of equities and public interest cut heavily against the extraordinary relief they seek. The States thus

4

respectfully request that this Court grant this motion for leave and deem the attached amici curiae brief filed.

Respectfully submitted,

| | |
|---|---|
| **ROB BONTA**<br>*Attorney General*<br>*State of California*<br><br>*/s/ Laura Faer*<br>LAURA FAER<br>Supervising Deputy Attorney General<br>CHRISTINA RIEHL<br>DELBERT TRAN<br>EDWARD NUGENT<br>Deputy Attorneys General<br>California Attorney General's Office<br>1515 Clay Street, 20th Floor<br>Oakland, CA 94612-0552<br>(510) 879-3305<br>Laura.Faer@doj.ca.gov<br><br>*Attorneys for Proposed Amicus Curiae State of California* | **MATTHEW J. PLATKIN**<br>*Attorney General*<br>*State of New Jersey*<br><br>*/s/ Lauren E. Van Driesen*<br>LAUREN E. VAN DRIESEN (*pro hac vice*)<br>JESSICA L. PALMER<br>ANDREW H. YANG<br>AMANDA I. MOREJÓN<br>GIANCARLO G. PICCININI<br>Deputy Attorneys General<br>New Jersey Attorney General's Office<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>(973) 648-2893<br>Lauren.vandriesen@law.njoag.gov<br>*Attorneys for Proposed Amicus Curiae State of New Jersey* |

**MICHELLE HENRY**
*Attorney General*
*Commonwealth of Pennsylvania*

*/s/ Lisa E. Eisenberg*
LISA E. EISENBERG
Deputy Attorney General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(215) 560-2980
leisenberg@attorneygeneral.gov

*Attorney for Proposed Amicus Curiae Commonwealth of Pennsylvania*

[additional counsel listed on subsequent page]

## ADDITIONAL COUNSEL

PHILIP J. WEISER
*Attorney General*
*State of Colorado*
1300 Broadway, 10th Floor
Denver, CO 80203

KATHLEEN JENNINGS
*Attorney General*
*State of Delaware*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801

BRIAN L. SCHWALB
*Attorney General*
*District of Columbia*
400 6th Street N.W.
Washington, DC 20001

ANNE E. LOPEZ
*Attorney General*
*State of Hawaiʻi*
425 Queen Street
Honolulu, Hawaiʻi, 96813

KWAME RAOUL
*Attorney General*
*State of Illinois*
115 South LaSalle Street
Chicago, IL 60603

ANDREA JOY CAMPBELL
*Attorney General*
*Commonwealth of Massachusetts*
One Ashburton Place
Boston, MA  02108

DANA NESSEL
*Attorney General*
*State of Michigan*
P.O. Box 30212
Lansing, Michigan 48909

KEITH ELLISON
*Attorney General*
*State of Minnesota*
102 State Capitol
75 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, MN 55155

LETITIA JAMES
*Attorney General*
*State of New York*
28 Liberty Street
New York, NY 10005

ELLEN F. ROSENBLUM
*Attorney General*
*State of Oregon*
1162 Court Street NE
Salem, OR 97301

PETER F. NERONHA
*Attorney General*
*State of Rhode Island*
150 South Main Street
Providence, RI 02903

CHARITY R. CLARK
*Attorney General*
*State of Vermont*
109 State Street
Montpelier, Vermont 05609-1001

ROBERT W. FERGUSON
*Attorney General*
*State of Washington*
P.O. Box 40100
Olympia, WA 98504

## CERTIFICATE OF SERVICE

I hereby certify that on this day, June 11, 2024, I caused the attached documents to be filed with the Clerk of the Court via ECF, which caused the same to be served by electronic mail upon counsel of record for all parties.

Dated:  June 11, 2024

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

/s/ *Lauren E. Van Driesen*
Lauren E. Van Driesen (*pro hac vice*)
Deputy Attorney General

Division of Law
124 Halsey Street, 5th Floor
P.O. Box 45029-5029
Newark, NJ 07101
973-648-2893