IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STATE OF LOUISIANA *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION *et al.*,<br><br>    *Defendants*. | No. 24-cv-563 |
| RAPIDES PARISH SCHOOL BOARD,<br><br>    *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION *et al.*,<br><br>    *Defendants*. | No. 24-cv-567 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR A PARTIAL STAY PENDING APPEAL**

Defendants respectfully request that this Court issue a partial stay, pending appeal, of this Court's June 13, 2024, Memorandum Ruling, ECF No. 53 ("Mem. Ruling"), which enjoined the Department of Education from enforcing its April 29, 2024, Final Rule in the plaintiff States. Plaintiffs' request for preliminary relief challenged only a handful of provisions of the Final Rule, all relating to the Rule's application of Title IX's prohibition against sex discrimination to transgender individuals. Even then, the allegations of harm underpinning Plaintiffs' claims concerned only the application of two discrete provisions—34 C.F.R. § 106.31(a)(2) and the

1

definition of "hostile environment harassment" within 34 C.F.R. § 106.2—that govern particular factual contexts in which recipients may differentiate students based on sex, such as by providing sex-separated bathrooms and using sex-specific pronouns. Importantly, no Plaintiff establishes any harm stemming from the Rule's basic nondiscrimination requirement in 34 C.F.R. § 106.10, which precludes recipients from denying students educational opportunities "simply for being . . . transgender." *Bostock v. Clayton Cnty.*, 590 U.S. 644, 651 (2020). As such, Defendants request that this Court stay the injunction insofar as it extends beyond the following provisions of the 2024 Rule: 34 C.F.R. § 106.31(a)(2), and the hostile environment harassment definition in 34 C.F.R. § 106.2 as applied to discrimination on the basis of gender identity.

## LEGAL STANDARD

Courts consider four factors in assessing the propriety of granting a motion for stay pending appeal: (1) the movant's likelihood of prevailing on the merits of the appeal, (2) whether the movant will suffer irreparable damage absent a stay, (3) the harm that other parties will suffer if a stay is granted, and (4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013). When the Government is a party, its interests and the public interest overlap in the balancing of harms. *See Nken v. Holder*, 556 U.S. 418, 420 (2009).

## ARGUMENT

### I. The Injunction Is Overbroad.

The injunction in this case is overbroad, at minimum, because it reaches provisions of the Rule that were not challenged by Plaintiffs and that did not form the basis for any alleged irreparable injury underlying their request for preliminary relief. On appeal, Defendants will show that the Court's injunction cannot be squared with Title IX's plain text and Supreme Court

2

precedent. Defendants recognize that this Court has rejected their arguments. Accordingly, Defendants refrain from reiterating each of their arguments in detail here, and instead incorporate their previously filed opposition to the preliminary injunction motion by reference. *See* Defs.' Consol. Opp'n to Pls.' Mot. for Prelim. Inj. & § 705 Stay, ECF No. 38. But even apart from Defendants' argument on the merits of their defense to all parts of the Rule, they have a strong likelihood of succeeding in establishing at a minimum that the injunction the Court entered was overbroad, based on well-established remedial principles and the Rule's express severability provisions. In this stay motion, Defendants seek only narrower relief, asking that this Court stay the injunction to the extent it sweeps broader than necessary to "redress the plaintiff[s'] particular injur[ies]" asserted here, *Gill v. Whitford*, 585 U.S. 48, 73 (2018)—that is, to the extent it extends beyond the following provisions of the 2024 Rule: (i) 34 C.F.R. § 106.31(a)(2), and (ii) the hostile environment harassment definition in 34 C.F.R. § 106.2, as applied to discrimination on the basis of gender identity.

### A. The Injunction Is Overbroad Because It Reaches Provisions of the Rule Not Challenged by Plaintiffs.

As Plaintiffs' filings make clear, their claims—and the purported harms underlying those claims—are grounded in objections to the Rule's treatment of gender identity. Compl. ¶ 3, *Louisiana v. U.S. Dep't of Educ.*, 3:24-cv-00563 (April 29, 2024), ECF No. 1 (characterizing as the Rule's "central feature" the Department's "move to transform Title IX's prohibition on discrimination based on 'sex' to include discrimination based on 'gender identity'"); Compl. ¶ 64 *Rapides Parish Sch. Bd. v. U.S. Dep't of Edu.*, 1:24-cv-00567 (April 30, 2024), ECF No. 1 (challenging the Rule's "gender-identity mandates"). In particular, Plaintiffs take issue with applications of three specific provisions of the Rule: the scope of prohibited discrimination in § 106.10; the de minimis harm standard in § 106.31(a)(2); and the definition of hostile

3

environment harassment in § 106.2. *See* Mem. in Supp. of Mot. for Postponement or Stay Under 5 U.S.C. § 705 or a Prelim. Inj. 8-10, ECF No. 24 ("States Mot."); SBRP Mem. in Supp. of Mot. To Delay Effective Date & for Prelim. Inj. 4-7, ECF No. 11-1 ("SBRP Mot."). The Court likewise focused on the effect of these provisions in enjoining the Rule. Mem. Ruling 17-36.

However, the Rule promulgates many amendments to Title IX's existing regulations beyond those challenged by Plaintiffs, most of which have nothing to do with gender identity. These include, for example, provisions regarding the role of Title IX coordinators, 89 Fed. Reg. at 33,885 (34 C.F.R. § 106.8(a)); recipients' notice and record-keeping obligations, *id.* at 33,885-86 (34 C.F.R. § 106.8(c), (f)); access to lactation spaces, *id.* at 33,888 (34 C.F.R. § 106.40(b)(3)(v)); a recipient's response to sex discrimination, *id.* at 33,888-91 (34 C.F.R. § 106.44); and grievance procedures for claims of sex discrimination, *id.* at 33,891-95 (34 C.F.R. §§ 106.45, 106.46). Plaintiffs did not challenge any of these provisions in their request for preliminary injunctive relief, and did not identify any harm, irreparable or otherwise, that they stand to suffer as a result of these aspects of the Rule. Thus, the Court's injunction was overbroad insofar as it reached these other portions of the Rule.

### B. Even as to the Challenged Provisions, the Injunction Is Overbroad.

The Court's injunction also is overbroad even as to the handful of provisions Plaintiffs challenged. Most notably, the injunction is overbroad in extending to § 106.10. Title IX prohibits discrimination "on the basis of sex," 20 U.S.C. § 1681(a), and § 106.10 sets out the scope of that general prohibition, explaining that "[d]iscrimination on the basis of sex includes discrimination on the basis of sex stereotypes, sex characteristics, pregnancy or related conditions, sexual orientation, and gender identity," 89 Fed. Reg. at 33,886. Plaintiffs allege no harm from the Rule's recognition that prohibited discrimination includes discrimination on the bases of such factors as

pregnancy or sexual orientation; indeed, Plaintiffs nowhere suggest that they intend to engage in discrimination against students for being pregnant or gay at all. Plaintiffs thus offer no reason to enjoin these aspects of § 106.10.

Even as to § 106.10's inclusion of gender identity, Plaintiffs do not suggest that an injunction is necessary because they intend to treat transgender students worse for being transgender. They do not, for instance, claim that they will be irreparably harmed if they cannot bar transgender students from participating in the science fair or a theatrical production simply for being transgender, forms of sex discrimination that the Department's Title IX regulations would not expressly bar if § 106.10's definition were to be enjoined. Rather, Plaintiffs object to the Rule's provisions regarding gender identity as applied to sex-separate facilities like bathrooms and the use of pronouns when addressing transgender students. *See* States Mot. 1-2; SBRP Mot. 3-7. But § 106.10 is not the cause of Plaintiffs' claimed harms in those respects, which flow from the provisions of § 106.31(a)(2) regarding permissible sex-separation and § 106.2's definition of hostile environment harassment.

Section 106.10, like *Bostock*, simply recognizes that discrimination on the basis of gender identity is necessarily a form of prohibited sex discrimination, without "purport[ing] to address bathrooms, locker rooms," 590 U.S. at 681, or other contexts in which sex-based different treatment or separation may be permitted under Title IX. Accordingly, Plaintiffs offer no rationale that could support enjoining § 106.10, which the Department also specifically explained should operate independently if other provisions of the Rule were invalidated. *See* 89 Fed. Reg. at 33,848 (identifying § 106.10 in its severability discussion as an example of a provision "intended to operate independently" of other provisions in the Rule, and in particular noting that it is "distinct"

5

from the Rule's definition of "sex-based harassment . . . and the prevention of participation consistent with gender identity, which are addressed in §§ 106.2 and 106.31(a)").

The injunction is also overbroad insofar as it bars all applications of § 106.2's definition of hostile environment harassment. Plaintiffs object to the application of the harassment standard as applied to gender identity discrimination. States Mot. 1-2; SBRP Mot. 6-7; *see also* Mem. Ruling 22. But § 106.2's hostile environment harassment standard applies beyond that limited context. Indeed, it protects all students from "[u]nwelcome sex-based conduct." 89 Fed. Reg. at 33,884. Plaintiffs did not identify any way in which they face irreparable harm from § 106.2's applications outside the context of discrimination on the basis of gender identity. There is no basis for enjoining those applications, which are not an asserted cause of Plaintiffs' claimed injuries.

## II. The Balance of Harms and the Public Interest Favor a Partial Stay.

The remaining stay factors tilt decisively toward the Department. Every time the federal government "is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (citation omitted). The harm is particularly pronounced here because the Rule effectuates Title IX's twin goals of "avoid[ing] the use of federal resources to support discriminatory practices [and] provid[ing] individual citizens effective protection against those practices." *Cannon v. Univ. of Chi.*, 441 U.S. 677, 704 (1979). No one disputes that preventing discrimination serves a compelling public interest. *See EEOC v. Bass Pro Outdoor World, LLC*, 826 F.3d 791, 798 (5th Cir. 2016). Moreover, the overbroad injunction could prematurely impair the rights of individuals with respect to the Rule's provisions that are entirely unrelated to Plaintiffs' claims by precluding the Department from taking steps to ensure that, *inter alia*, breastfeeding and pumping students have access to lactation spaces or that students are not being

punished for being pregnant, gay, or transgender. By contrast, Plaintiffs suffer no harm from the Department's limited stay request. As discussed above, Plaintiffs plainly suffer no harm from the many provisions of the Rule that they did not challenge. As to the limited provisions Plaintiffs have challenged, they identify no harm from the application of those provisions in the mine-run of circumstances. Accordingly, the harms that formed the basis for the Court's issuance of preliminary relief are not implicated here, and, in any event, do not outweigh the harm to the Department from an overbroad injunction.

## CONCLUSION

The Court should stay its preliminary injunction to the extent it extends beyond the following provisions of the 2024 Rule: (i) 34 C.F.R. § 106.31(a)(2), and (ii) the "hostile environment harassment" definition in 34 C.F.R. § 106.2, as applied to discrimination on the basis of gender identity.

Under Rule 8 of the Federal Rules of Appellate Procedure, a party seeking to stay an injunction pending appeal ordinarily must first seek such relief in the district court. Accordingly, Defendants respectfully request that the Court rule on this motion by 12:00 noon on July 1, 2024, after which Defendants plan to seek relief in the Court of Appeals should the Court fail to grant this motion.

Dated: June 24, 2024                              Respectfully submitted,

                                                  BRIAN M. BOYNTON
                                                  Principal Deputy Assistant Attorney General

                                                  EMILY B. NESTLER
                                                  Assistant Branch Director

                                                  /s/ *Pardis Gheibi*
                                                  ELIZABETH TULIS
                                                  REBECCA KOPPLIN
                                                  BENJAMIN TAKEMOTO

7

HANNAH SOLOMON-STRAUSS
PARDIS GHEIBI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: 202-532-4252
Fax: (202) 616-8470
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendants*