UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **STATE OF LOUISIANA ET AL** | **CASE NO. 3:24-CV-00563** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **U S DEPT OF EDUCATION ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

<u>**MEMORANDUM ORDER**</u>

Pending before the Court is a Motion for a Partial Stay Pending Appeal [Doc. No. 59] filed by Defendants.[1] Plaintiff Rapides Parish School Board ("Rapides") and the Louisiana Plaintiffs filed Oppositions [Doc. Nos. 65, 66].[2] Defendants filed a Reply [Doc. No. 69].

For the reasons set forth herein, Defendants' Motion for a Partial Stay Pending Appeal is **DENIED**.

### I. BACKGROUND

On April 29, 2024, the United States Department of Education issued a Final Rule, which redefined sexual discrimination in Title IX. The Final Rule redefines "sex discrimination" to include gender identity, sexual orientation, sex stereotypes, and sex characteristics. Further, it preempts state law to the contrary and requires students to be allowed access to bathrooms and

---

[1] Defendants consists of U S Department of Education; Miguel Cardona, in his official capacity as Secretary of Education; Office for Civil Rights, U S Dept. of Education; Catherine Lhamon, in her official capacity as the Assistant Secretary for Civil Rights; U S Dept of Justice, and Merrick B. Garland, in his official capacity as the Attorney General of the United States.[1]

[2] Louisiana Plaintiffs consist of: State of Louisiana, by and through its Attorney General, Elizabeth B. Murrill; LA Dept. of Education, State of Mississippi, by and through its Attorney General, Lynn Fitch; State of Montana, by and through its Attorney General, Austin Knudsen; State of Idaho, by and through its Attorney General, Raul Labrador; School Board of Webster Parish; School Board of Red River Parish; School Board of Bossier Parish; School Board of Sabine Parish; School Board of Grant Parish; School Board of West Carroll Parish; School Board of Caddo Parish; School Board of Natchitoches Parish; School Board of Caldwell Parish; School Board of Allen Parish; School Board of LaSalle Parish; School Board of Jefferson Davis Parish; School Board of Ouachita Parish; School Board of Franklin Parish; School Board of Acadia Parish; School Board of DeSoto Parish; and School Board of St. Tammany Parish.

locker rooms based on their gender identity. Additionally, it prohibits schools from requiring medical or other documentation to validate the student's gender identity, requires schools to use whatever pronouns the student prefers, and imposes additional requirements that will result in substantial costs to the recipient schools.

On April 29, 2024, Louisiana Plaintiffs filed a Complaint[3] against Defendants. Louisiana Plaintiffs amended the Complaint on May 3, 2024.[4] On April 30, 2024, Rapides filed a Complaint.[5] This Court consolidated both cases on May 15, 2024.[6]

On May 13, 2024, Louisiana Plaintiffs filed a Motion for a Postponement or Stay Under 5 U.S.C. § 705 or Preliminary Injunction[7]. On May 14, 2024, Rapides filed a Motion for Preliminary Injunction and Delay of Effective Date.[8] On June 13, 2024, this Court granted the Plaintiffs' Motions for Preliminary Injunctions.[9]

On June 24, 2024, Defendants filed a Notice of Appeal.[10] That same day, Defendants filed the instant Motion for a Partial Stay Pending Appeal.[11]

In Defendants' Motion for Partial Stay, Defendants move the Court to stay only 34 C.F.R. § 106.31(a)(2) and the definition of "hostile environment harassment" within 34 C.F.R. § 106.2. Defendants also move to lift the stay for other provisions of the Final Rule, including 34 C.F.R. § 106.2, which expands the definition of sex discrimination.

Defendants maintain the provisions are severable and that the Preliminary Injunction is overbroad. The Louisiana Plaintiffs and Rapides argue that Defendants waived the severability

---

[3] [Doc. No. 1]
[4] [Doc. No. 11]
[5] [Doc. No. 1, Case #1:24-cv-00567]
[6] [Doc. No. 25]
[7] [Doc. No. 17]
[8] [Doc. No. 11, Case #1:24-cv-00567]
[9] [Doc. No. 53, 54]
[10] [Doc. No. 58]
[11] [Doc. No. 59]

argument and that the entire set of provisions are so interrelated that a partial lifting of the stay would leave an incoherent collection of stray regulations.

## II. LAW AND ANALYSIS

### A. Law

To obtain a stay of a district court decision pending appeal, Defendants "bear a heavy burden." *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023). In determining whether the stay applicant has satisfied their burden, the Court must consider four factors: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the stay will substantially injure the other parties interested in this proceeding; and (4) where the public interest lies. *Id*. When government Defendants are applying for a stay and Plaintiffs are the opposing party, the factors do not merge, and the public interest factor is distinct. *U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336, 353 (5th Cir. 2022). Severability is not determined by what was challenged; rather, severability considers whether the removal of the unlawful provisions will "impair the function of the statute as a whole." *K-Mart Corp. v Cartier, Inc.*, 486 U.S. 281, 294 (1988).

### B. Analysis

Defendants cannot meet their burden of showing that they are likely to succeed on the merits, that Defendants would be irreparably harmed, that there would be substantial injury to parties in this proceeding, or that it is in the public interest for portions of the Final Rule to go into effect.

The challenged provisions are so central to the Final Rule, such that it cannot operate without them. Additionally, leaving portions of the Final Rule to go into effect would still result in uncollectable compliance costs to recipient schools.

The Court previously found eleven primary changes made by the Final Rule. The primary changes were: (1) 34 C.F.R. § 106.10 redefines discrimination of sex to include sex stereotypes, sex characteristics, pregnancy or related conditions, sexual orientation or gender identity; (2) 34 C.F.R. § 106.6 declares the Final Rule preempts state law; (3) 34 C.F.R. § 106.8 requires recipient schools to designate, hire and pay for a Title IX Coordinator to ensure compliance with Title IX, and to provide training to employees; (4) 34 C.F.R. § 106.6 (b) prohibits any recipient school from adopting or implementing any practice or procedure which treats students differently on the basis of sex; (5) 34 C.F.R. § 106.44 requires recipients with knowledge of conduct that reasonably may constitute sex discrimination in its education program or activity to mandatorily report such conduct to the Title IX Coordinator; (6) amends 34 C.F.R. § 106.45 to require an investigation and to impose grievance procedures; (7) prohibits recipient schools from requiring medical or other documentation to validate the student's gender identity; (8) requires recipient schools to allow students to access bathrooms and locker rooms based upon their gender identity; (9) requires any student's claimed gender identity be treated as if it was his or her sex and requires recipients to compel staff and students to use whatever pronouns the student requests; (10) creates a new standard for "hostile environment harassment" that could include views critical of gender identity; and (11) sets the rule's effective date as August 1, 2024.

The Court concluded that (1) the Final Rule is contrary to law and exceeds the U.S. Department of Education's statutory authority, which includes a violation of the major questions doctrine; (2) the Final Rule is contrary to Title IX ; (3) violates the Free Speech and Free Exercise

Clauses of the First Amendment by compelling staff and students to use whatever pronouns a person demands; (4) the Final Rule violates the Spending Clause of the United States Constitution by implementing ambiguous provisions; and (5) the Final Rule is arbitrary and capricious under the Administrative Procedures Act.

This Court did not enjoin the Final Rule based upon only two provisions. Rather, the Court issued an injunction after finding that numerous provisions in the Final Rule violated the Constitution. The provisions are not severable because the removal of the unconstitutional provisions would impair the function of the statute as a whole.

Additionally, the Court found irreparable harm to Louisiana Plaintiffs and Rapides based upon costs for expanded record keeping requirements and expanded training requirements which were imminent and unreasonable. Irreparable harm was also found based upon First Amendment free speech and free exercise violations. Even if only portions of the Final Rule took effect, these Plaintiffs would still incur irreparable harm.

For these reasons, the request is **DENIED.**

### III.  CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion for a Partial Stay Pending Appeal [Doc. No. 59] is **DENIED**.

MONROE, LOUISIANA, this 11th day of July 2024.

                                          **TERRY A. DOUGHTY, JUDGE**
                                          **UNITED STATES DISTRICT COURT**